IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN H. RATCLIFF; WESLEY D. RATCLIFF; RUTH C. BROWN; BILLY J. RATCLIFF; and RUTH R. HOUSTON, <br><br> Plaintiffs, <br><br> v. <br><br> ELIJAH J. RATCLIFF and ELIJAH W. RATCLIFF, <br><br> Defendants. | §§§§§§§§§§§§§§ | Civil Action No. **3:15-CV-1289-L** |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth herein, the court *sua sponte* determines that it lacks subject matter jurisdiction over this action and **remands** it to the 411th Judicial District Court of Polk County, Texas. Alternatively, the court **determines** that the action was improperly removed to the Northern District of Texas.

### I.     Procedural Background

This action was originally filed in the 411th Judicial District Court, Polk County, Texas, on January 22, 2015. The civil suit involves real property located in Polk County, Texas. Plaintiffs seek a partition of the real property, state that the property cannot be partitioned in kind, and request that the property be sold and the net proceeds be divided equally among Plaintiffs and Defendant Elijah W. Ratcliff ("Elijah Ratcliff").

On April 27, 2015, Elijah Ratcliff removed this action to federal court. Although Elijah Ratcliff makes vague and conclusory allegations regarding the United States Constitution and

**Memorandum Opinion and Order – Page 1**

federal statutes, no such claims under either is made in Plaintiffs' Original Petition ("Petition"). Further, Elijah Ratcliff makes no allegations that diversity of citizenship exists between the parties.

## II.    Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th

**Memorandum Opinion and Order – Page 2**

Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). In this case nothing has been established by Ratcliff to show that a federal question exists or that diversity of citizenship is present.

### III.    Analysis

#### A.    Federal Question Jurisdiction

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). Nothing in the Petition even intimates that the action filed in state court "arises under the Constitution, laws, or treaties of the United States." The state action arises out of a land dispute, and no federal question exists. The allegations of the Petition unequivocally set forth a claim that has its origin only in state law. Accordingly, the Petition raises no federal question, and there is no basis for the court to exercise federal question jurisdiction.

#### B.    Diversity Jurisdiction

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2

**Memorandum Opinion and Order – Page 3**

(5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. In this instance, Elijah Ratcliff

**Memorandum Opinion and Order – Page 4**

as the removing defendant has the burden to establish that complete diversity exists between the parties.

The Notice of Removal is totally devoid of any allegations regarding the citizenship of the individuals who are parties to the action. If anything, based on the Notice of Removal, all parties are residents of Texas, which suggests though not conclusive, that all parties are citizens of Texas; however, residence is not synonymous with citizenship. The glaring omissions by Elijah Ratcliff in his Notice of Removal do not allow the court to determine the basis on which diversity exists. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citation omitted). Because of the inadequacy of the allegations regarding diversity and the citizenship of the parties, remand is required. *Stafford*, 945 F.2d at 805.

### C.   Improper Removal

This action was removed to the wrong district and division; it should have never been removed to the Northern District of Texas. A civil action pending in state court, unless Congress expressly decides otherwise, can only be removed by a defendant "to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). Polk County is located in the Eastern District of Texas, Lufkin Division. 28 U.S.C. § 124(c)(6). Therefore, pursuant to this statute, the action in the 411th Judicial District Court of Polk County should have been removed to the Eastern District of Texas, Lufkin Division. As the state action was removed to the Northern District of Texas in violation of the general removal statute, remand to state court is required.

**Memorandum Opinion and Order – Page 5**

IV.     **Conclusion**

For the reasons herein stated, Elijah Ratcliff failed to carry his burden and establish that a federal question is present in this action or that complete diversity of citizenship exists between the parties. Accordingly, the court **lacks** subject matter jurisdiction to entertain this action and hereby **remands** it to the 411th Judicial District Court of Polk County, Texas.

Alternatively, even if the court has subject matter jurisdiction, the removal of this case is procedurally defective. Elijah Ratcliff should have removed, as required by statute, the state action to the Eastern District of Texas, Lufkin Division, not the Northern District of Texas, Dallas Division. This procedural defect serves as an alternate basis to remand the improper removal of this action to the 411th Judicial District Court of Polk County, Texas.

For the reasons herein stated, the court *sua sponte* **remands** this action to the 411th Judicial District Court of Polk County, Texas. The clerk of court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 30th day of April, 2015.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge